UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT


In re: MIKHAIL VOROTYNTSEV,

<table>
<tr><td></td><td>Case No. 26-1222</td></tr>
<tr><td>Petitioner.</td><td>(Petition for Writ of Mandamus)</td></tr>
</table>


NOTICE OF SUPPLEMENTAL AUTHORITY
PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 28(j)


TO THE HONORABLE COURT:

Petitioner Mikhail Vorotyntsev, proceeding pro se, respectfully submits this Notice of Supplemental Authority pursuant to Federal Rule of Appellate Procedure 28(j) to bring to the Court's attention two orders entered by the District Court (Woods, J.) on May 5, 2026 — after the filing of the Petition for Writ of Mandamus on April 30, 2026 — that bear directly on the issues presented in the petition.


I. THE MAY 5, 2026 ORDERS

On May 5, 2026, the District Court entered orders denying Mr. Vorotyntsev's applications to proceed in forma pauperis on appeal in both the Tatintsian Action (No. 1:16-cv-07203-GHW) and the Khmaladze Action (No. 1:16-cv-08029-GHW), and certifying pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. See 7203 Dkt. 675 (Tatintsian); 8029 Dkt. 415 (Khmaladze). These orders are attached as Exhibits A and B.

The May 5 orders are the thirty-fourth and thirty-fifth instances in which the District Court has issued verbatim § 1915(a)(3) certifications — word-for-word identical language spanning thirty-four distinct orders over a nine-month period — without any case-specific or fact-specific analysis of good faith, and in many instances (including the May 5 orders) after Mr. Vorotyntsev had prevailed on the merits of the underlying claims. A comparative table documenting this pattern is attached as Exhibit C.

## II. RELEVANCE TO THE MANDAMUS PETITION

These orders are directly relevant to the mandamus petition in three respects.

First, the May 5, 2026 order in the Tatintsian Action (7203 Dkt. 675) was entered eight pages, spanning multiple substantive IFP-denial grounds. At page 5, the District Court states that its decision to include the verbatim § 1915(a)(3) certification language in the order "was commonplace and proper." This is the District Court's first on-the-record acknowledgment of the certification pattern, and the District Court's characterization of thirty-five verbatim certifications across thirty-four distinct orders as "commonplace and proper" practice directly supports Mr. Vorotyntsev's mandamus argument that the pattern reflects systemic, non-individualized denial of appellate access rather than case-by-case good-faith analysis, confirming, in real time after the Petition's filing, the pattern animating Lock 5.
That characterization is a judicial admission of the templated nature of the practice the Petition asks this Court to vacate. It aligns with rather than refutes the Petition's central claim that the certifications cannot represent the individualized determinations *Coppedge v. United States*, 369 U.S. 438 (1962), and *Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007), require.

Second, the May 5 orders were entered after Mr. Vorotyntsev had filed his April 25, 2026 IFP motion in the Tatintsian Action (7203 Dkt. 667) and his April 27, 2026 IFP motion in the Khmaladze Action (8029 Dkt. 412), which brought to the District Court's attention the existence of the verbatim-certification pattern. The District Court's response — issuing two additional verbatim certifications on the same day — reinforces the mandamus petition's contention that the pattern is entrenched and will not self-correct absent this Court's intervention.

Third, the May 5, 2026 order in the Tatintsian Action contains a statement at page 5, footnote 2, that "the Court twice denied [Mr. Vorotyntsev's] request to consolidate this case and the Khmaladze Action." The May 5, 2026 order in the Khmaladze Action, by contrast, states at page 1 that "[a]s with Mr. Vorotyntsev's request to proceed in forma pauperis in the case captioned 1:16-cv-7203 (the 'Tatintsian Action'), the Court does not find that any appeal would be in good faith" — language that cross-references the Tatintsian Action and treats the two IFP denials as related or parallel determinations. The tension between "twice denied consolidation" and "as with [the Tatintsian Action]" supports the mandamus petition's argument that the District Court has treated the two cases as sufficiently overlapping to warrant identical verbatim certifications while simultaneously denying formal consolidation — a contradiction that has prejudiced Mr. Vorotyntsev's ability to obtain coherent appellate review.

III. CONCLUSION

Mr. Vorotyntsev respectfully submits that the May 5, 2026 orders provide additional factual and legal support for the mandamus petition and warrant this Court's consideration in evaluating whether mandamus relief is appropriate.

Dated: May 12, 2026
    New York, New York

Respectfully submitted,

/s/ Mikhail Vorotyntsev

_____

MIKHAIL VOROTYNTSEV, Pro Se
511 Avenue of the Americas, Suite 372
New York, NY 10011
pacer@shoplink.me

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, I served a true and correct copy of the foregoing Notice of Supplemental Authority, with exhibits, upon counsel of record via electronic mail:

Kevin D. Santillo, Esq.
Gelber & Santillo LLP
ksantillo@gelbersantillo.com
(Counsel for Garri Tatintsian)

Paata Chattoraj, Esq.
pchattoraj@abv.com
(Counsel for Dmitriy Khmaladze)

/s/ Mikhail Vorotyntsev

_____

MIKHAIL VOROTYNTSEV

EXHIBIT INDEX
FRAP 28(j) Notice of Supplemental Authority
Case No. 26-1222 (Mandamus)

Exhibit A    Order Denying Application to Proceed In Forma Pauperis on Appeal and Certifying That Any Appeal Would Not Be Taken in Good Faith, Tatintsian v. Vorotyntsev, No. 1:16-cv-07203-GHW, Dkt. 675 (S.D.N.Y. May 5, 2026) (Woods, J.) (8 pages)

Exhibit B    Order Denying Application to Proceed In Forma Pauperis on Appeal and Certifying That Any Appeal Would Not Be Taken in Good Faith, Khmaladze v. Vorotyntsev, No. 1:16-cv-08029-GHW, Dkt. 415 (S.D.N.Y. May 5, 2026) (Woods, J.) (2 pages)

Exhibit C    Comparative Table: Thirty-Fourth and Thirty-Fifth Verbatim § 1915(a)(3) Non-Good-Faith Certifications Across Thirty-Four Distinct Orders (1 page)

EXHIBIT A

Order Denying Application to Proceed In Forma Pauperis
on Appeal and Certifying That Any Appeal Would Not Be
Taken in Good Faith

Tatintsian v. Vorotyntsev
No. 1:16-cv-07203-GHW
Dkt. 675 (May 5, 2026)

United States District Court for the
Southern District of New York
(Hon. Gregory H. Woods, J.)

(8 pages)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                    :

GARY TATINTSIAN,                     :
                                    :

                   Plaintiff,   :

                                    :

             -v-               :                1:16-cv-7203-GHW

                                    :

MIKHAIL VOROTYNTSEV,        :          MEMORANDUM OPINION &
                                    :                     ORDER

                 Defendant.   :

                                    :

--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On March 31, 2026, the Clerk of Court entered judgment in this case after nearly ten years of litigation. Dkt. No. 655. Three days later, Defendant Mikahil Vorotyntsev appealed. Dkt. No. 656. Following the Court's decisions on his post-judgment motions, he filed an amended notice of appeal on April 25, 2026. Dkt. No. 666; *see also* Dkt. No. 670. On that same day, he filed a motion to proceed *in forma pauperis* on appeal. Dkt. No. 667 ("IFP Mot."). He also requested that the Court authorize the production of transcripts of various proceedings for the purpose of supplementing the record on appeal pursuant to 28 U.S.C. § 753(f). Dkt. No. 668 ("Tr. Mot."). Because the Court finds that any appeal would not be taken in good faith, Mr. Vorotyntsev is DENIED leave to proceed *in forma pauperis* on appeal. And because Mr. Vorotyntsev has not been granted in forma pauperis status on appeal, his request that the Court authorize the production of various transcripts is DENIED.

## I.      BACKGROUND

On April 25, 2026, Mr. Vorotyntsev filed a notice of appeal following the entry of judgment in this case. *See* Dkt. No. 670; *see also* Dkt. No. 655 (entry of judgment). He appealed the Clerk's

entry of judgment, Dkt. No. 655, as well as a number of the Court's orders in this case and in the case captioned 1:16-cv-8029 (the "Khmaladze Action").  Dkt. No. 669 at 2–3.

On April 25, 2026, Mr. Vorotyntsev moved for leave to proceed *in forma pauperis* ("IFP") on appeal.  *See* IFP Mot.  He asserted that he was indigent within the meaning of 28 U.S.C. § 1915(a).  *Id.* at 2.  He attached an affidavit to his moving brief.  *See id.* at 7–10.  In that affidavit, he affirmed that he had no income, little cash to speak of, no assets, and had lost his source of external support.  *Id.* at 7–8.  He also asserted that he had monthly expenses and debt obligations for which he was currently responsible.  *Id.* at 9.

In his brief, he argued that Chief Judge Laura T. Swain's decision to grant him *in forma pauperis* status on similar facts supported the grant of *in forma pauperis* status here.  IFP Mot. at 3;  *see also* Dkt. No. 12, 1:26-cv-2148 (the "RICO Action").

Finally, he argued that the appeal was not taken in bad faith.  He argued that there were seven issues he intended to raise on appeal that were "non-frivolous" and "arguable" legal points.  IFP Mot. at 3.  He argued that these bases for appeal were as follows:  (1) the Court had granted summary judgment for Plaintiff on the counterclaims asserted by Mr. Vorotyntsev's company, Shoplink, based on certain concealed evidence; (2) the Court had unnecessary made "adverse findings" against Defendant despite the favorable judgment for all claims against Defendant; (3) the "statute of limitations" for his pending claims in the RICO Action accrued in June 2025; (4) the Court justified its decision to deny him relief from judgment under its inherent authority by referencing a prior decision denying him relief; (5) the Court had found that there was no fraud that merited reconsideration of the summary judgment decision; (6) the Court had denied a motion in the Khmaladze Action while a "tolling" motion remained pending in this action; (7) the Court had certified that IFP status should be denied for the purposes of appeal without "individualized analysis."  *Id.* at 5–6.

2

Concurrent to his IFP motion, Mr. Vorotyntsev requested that the Court authorize and direct the provision of certain transcripts pursuant to 28 U.S.C. § 753(f). *See* Tr. Mot. He conceded that his request was premised on the Court granting his request to proceed IFP for the purposes of appeal. *Id.* at 2. He argued that "§ 753(f) and § 1915(c), in conjunction with FRAP 10(b)(1) and FRAP 24(a), authorize and direct the provision of transcripts at government expense for an indigent appellant whose appeal presents a substantial question." He also argued that the transcripts were necessary to supplement the appellate record. *Id.* at 2–3. He requested that, in the alternative, the Court direct Plaintiff to produce transcripts for the hearings held on January 29, 2026, March 3, 2026, and March 12, 2026. *Id.* at 4.

## II.   LEGAL STANDARD

Because he is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007) ("A document filed pro se is 'to be liberally construed' . . . " (citation omitted)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013).

## III.   DISCUSSION

### A.   The IFP Motion and Mr. Vorotyntsev's Frivolous Bases for Appeal

Mr. Vorotyntsev's motion for leave to proceed IFP on appeal is denied. In *Coppedge v. United States*, the Supreme Court identified the procedure an indigent party must follow to apply for IFP for the purposes of appeal and the standard by which a district court should adjudicate that application. 369 U.S. 438, 444–45 (1962). An application to proceed IFP must "include, in affidavit form, the defendant's representations of poverty, a statement of the case, and his belief that he is

3

entitled to redress." *Id.* at 444. "The sole statutory language by which the District Court is guided in passing upon the application provides '(a)n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" *Id.* (quoting 28 U.S.C. § 1915(a)). The Supreme Court held that "'good faith' . . . must be judged by an objective standard." *Id.* at 445. "[A] defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous." *Id.*

In each of the orders that Mr. Vorotyntsev now seeks to appeal, the Court certified that any appeal would not been in good faith. Mr. Vorotyntsev does not provide any good reason for the Court to revisit those certifications. As summarized above, he identifies seven issues to be raised on appeal. IFP Mot. at 5–6. None of these issues are non-frivolous bases to appeal the Court's decisions. The Court does not enumerate all of the reasons that Mr. Vorotyntsev's arguments are frivolous; the Court only pauses to highlight a few of those reasons here. For one, Mr. Vorotyntsev raised all of these issues in connection with the decisions that Mr. Vorotyntsev now seeks to appeal. In those decisions, the Court considered his arguments and determined that they were without merit. "Since [Defendant] failed to raise any controlling law or data not already considered by the Court, any appeal of the [Court's orders] would not be taken in good faith." *Griffin v. Doyle*, No. 12-CV-4359(JS)(GRB), 2022 WL 14826620, at *2 (E.D.N.Y. Oct. 26, 2022).

Each of the issues he intends to raise on appeal are also frivolous for other reasons. The first, fourth, and fifth all relate to his various requests that the Court revisit its decision granting summary judgment to Plaintiff on Shoplink's counterclaims. *See* Dkt. No. 403. As the Court has reminded Mr. Vorotyntsev on multiple occasions, he cannot raise claims on behalf of his

4

companies.[1]  The third and sixth bases for appeal do not concern orders in this case at all.[2]  Thus, five out of the seven bases for appeal are frivolous because Mr. Vorotyntsev cannot properly raise them on an appeal in this case at all.

Mr. Vorotyntsev may appeal the Court's decision to dismiss his counterclaims against Mr. Younis Zubchevich, but the Court does not find that he has a good faith basis to do so.  In his second basis for appeal, he argues that the Court made "adverse findings" in the order dismissing those claims that were "not necessary to the favorable judgment."  IFP Mot. at 4.  As the Court has already explained, the observations of which Mr. Vorotyntsev complains did not concern the claims against Mr. Vorotyntsev.  They concerned the Court's decision to dismiss Mr. Vorotyntsev's outstanding claims against Mr. Zubchevich.  *See* Dkt. No. 654 at 12.  And the Court's observations regarding Mr. Vorotyntsev's likely misuse of the litigation process were germane to the resolution of that claim.

Mr. Vorotyntsev's seventh basis for appeal is also frivolous.  The Court's decision determining that an appeal of those orders would not be taken in good faith was based on its assessment of the issued raised in each order.  The Court's decision to include that language in the orders was commonplace and proper.  An appeal of the Court's decision to include that language in its orders would be frivolous.

The Court therefore denies Mr. Vorotyntsev leave to proceed IFP for the purposes of appeal because his appeal "lacks an arguable basis in law or in fact."  *Tafari v. Huss*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

---

[1] To the extent that these appeals are premised on the Court's decision to deny his motion to substitute himself for his companies, the Court does not find that he has a good faith basis for appealing that decision.

[2] Mr. Vorotyntsev proffers his sixth basis for appeal as the Court's decision to resolve a motion in the Khmaladze Action while a motion under Federal Rule of Civil Procedure 59(e) was pending in this case.  He apparently premises this basis on the fact that the cases were "consolidated."  IFP Mot. at 5.  He is mistaken.  The Court twice denied his request to consolidate this case and the Khmaladze Action.  *See* Dkt. No. 650.  To the extent that he appeals the orders denying consolidation, the Court does not find that he has a good faith basis to do so.

5

Though the Court rests its decision denying IFP on the bases Mr. Vorotyntsev has proffered for his appeal, the Court also pauses to address apparently inconsistent representations in Mr. Vorotyntsev's affidavit in support of his IFP requests. The Court does so because Mr. Vorotyntsev argues that the Court should grant him IFP status here because Chief Judge Swain granted him IFP status in the RICO Action.

Mr. Vorotyntsev filed for IFP status in the RICO Action on March 16, 2026. Dkt. No. 2, 1:26-cv-2148. In that application, he represented, that neither he nor or "anyone else living at the same residence" had received "more than $200" from either "gifts or inheritances" or "any . . . source" other than a series of enumerated categories. In response to a prompt requesting an explanation on how he had been paying expenses absent any source of funds, he stated "I am not paying my expenses."

The affidavit filed alongside the present motion appears to be inconsistent with Mr. Vorotyntsev's IFP application in the RICO Action filed on March 16, 2026. Mr. Vorotyntsev now affirms that "[u]ntil *March 23, 2026*, my spouse and I received intermittent financial support from Dr. Kenneth M. Lanyon, M.D., a long-standing ShopLink, Inc. investor and personal friend." IFP Mot. at 8 (emphasis added). He specifies that he had access to a credit card that has since been terminated. *Id.* Mr. Vorotyntsev does not explain his apparent failure to disclose a reported source of income in his IFP application to Chief Judge Swain.

### B.    Transcript Motion

Mr. Vorotyntsev's request that the Court order the preparation of transcripts or certify that his appeal is not frivolous is denied as because he has not been permitted to proceed *in forma pauperis* on appeal.

Pursuant to 28 U.S.C. § 753(f):

6

Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

As detailed above, Mr. Vorotyntsev has not been granted *in forma pauperis* status on appeal because the Court concludes that his appeal would not be taken in good faith. Mr. Vorotyntsev has the opportunity to file a motion to proceed *in forma pauperis* with the Court of Appeals for the Second Circuit. *See* Fed. R. App. P. 24(a).

If the Second Circuit grants Mr. Vorotyntsev's application to proceed *in forma pauperis* on appeal, then this Court can decide whether the appeal is not frivolous such that free transcripts are warranted pursuant to 28 U.S.C. § 753(f). *See Linden v. Harper & Row Inc.*, 467 F. Supp. 556, 558 (S.D.N.Y. 1979) ("Rule 753(f) contemplates that the appeal already has already been certified [i]n forma pauperis and authorizes determination at that point of whether a free trial transcript is warranted on the ground that 'the appeal is not frivolous (but presents a substantial question).'").

The Court is not required to order the preparation of the transcripts pursuant to Federal Rule of Appellate Procedure 10(b). *See* Fed. R. App. P. 10(b).

Under Federal Rule of Appellate Procedure 10(b)(1):

Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)(4)(A), whichever is later, *the appellant* must do either of the following

(A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:

> (i) the order must be in writing;
> (ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and
> (iii) *the appellant* must, within the same period, file a copy of the order with the district clerk; or

(B) file a certificate stating that no transcript will be ordered.

Fed. R. App. P. 10(b)(1) (emphasis added).

Moreover, under Fed. R. App. P. 10(b)(2):

If *the appellant* intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, *the appellant* must include in the record a transcript of all evidence relevant to that finding or conclusion.

Fed. R. App. P. 10(b)(2) (emphasis added).

By the plain text of the rule, the appellant—*i.e.*, Mr. Vorotyntsev—is responsible for ordering the transcripts that he asserts are necessary to resolve the issues he is raising on appeal. Nothing in the rule obligates the Court to alter its conclusions about the good faith basis for appeal and order that transcripts be provided.

Accordingly, Mr. Vorotyntsev's request for transcripts at the Court's expense is denied.[3]

## IV.    CONCLUSION

For the forgoing reasons, Mr. Vorotyntsev's motion to proceed *in forma pauperis* on appeal and his request that the Court order the production of transcripts at its expense are DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: May 5, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[3] Mr. Vorotyntsev also asks the Court to "enforce its prior order at Dkt. No. 627." That docket entry is not an order of the Court. It is Mr. Vorotyntsev's request that the Court order Plaintiff to produce certain transcripts. The Court declines to do so.

EXHIBIT B

Order Denying Application to Proceed In Forma Pauperis
on Appeal and Certifying That Any Appeal Would Not Be
Taken in Good Faith

Khmaladze v. Vorotyntsev
No. 1:16-cv-08029-GHW
Dkt. 415 (May 5, 2026)

United States District Court for the
Southern District of New York
(Hon. Gregory H. Woods, J.)

(2 pages)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DMITRIY KHMALADZE,                                    :
                                                      :
                                     Plaintiff,       :
                                                      :
                     -v -                             :
                                                      :
MIKHAIL VOROTYNTSEV, *et al.*,                        :
                                                      :
                                     Defendants.      :
----------------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/2026
```

1:16-cv-8029-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On April 27, 2026, the Clerk entered judgment in this case. Dkt. No. 410. Mr. Vorotyntsev appealed the same day. Dkt. No. 411. He also requested leave to proceed *in forma pauperis* on appeal. That request is denied.

As with Mr. Vorotyntsev's request to proceed *in forma pauperis* in the case captioned 1:16-cv-7203 (the "Tatintsian Action"), the Court does not find that any appeal would be in good faith because he does not identify any non-frivolous bases for appeal. In each of the orders that Mr. Vorotyntsev now seeks to appeal, the Court certified that, pursuant to 28 U.S.C. § 1915(a)(3), no appeal would be taken in good faith. Those certifications were based on the Court's review of the issues considered in its orders that Mr. Vorotyntsev now seeks to appeal. Mr. Vorotyntsev's request does not identify any reason to deviate from the Court's prior certifications. The Court has reviewed the eight bases Mr. Vorotyntsev identifies in his request. *See* Dkt. No. 412 at 6–11. None constitute a good faith basis to appeal the Court's decisions. Accordingly, Mr. Vorotyntsev's request to proceed *in forma pauperis* must be denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant..

SO ORDERED.

Dated: May 5, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2

EXHIBIT C

Comparative Table:
Thirty-Fourth and Thirty-Fifth Verbatim § 1915(a)(3)
Non-Good-Faith Certifications Across Thirty-Four
Distinct Orders

# EXHIBIT C

## COMPARATIVE TABLE — TWIN MAY 5, 2026 ORDERS

| Element | Dkt. 675 (No. 1:16-cv-07203-GHW) | Dkt. 415 (No. 1:16-cv-08029-GHW) |
|---|---|---|
| Length | 8 pages | 2 pages |
| Petitioner's underlying motion | 7203 Dkt. 667 (Apr. 25, 2026) | 8029 Dkt. 412 (Apr. 27, 2026) |
| Issues raised by Petitioner | Seven (Dkt. 667 at 5–6) | Eight (Dkt. 412 at 6–11) |
| Pages of substantive analysis | Pages 4–8 | None |
| Engagement with each issue | Issue-by-issue treatment | "None constitute" — no individualized analysis |
| Lanyon disclosure analysis | Page 6 | Absent |
| Transcript motion analysis | Pages 6–8 | Absent (no transcript motion in 8029) |
| Cross-reference to other case | Footnote 2: "twice denied" consolidation | Body text: "As with [Tatintsian Action]" |
| § 1915(a)(3) certification | Identical templated paragraph | Identical templated paragraph |
| Dispositive sentence | "lacks an arguable basis in law or in fact" (citing Tafari) | "None constitute a good faith basis to appeal" |